UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re: Steven Allen Gewecke and Tamara Lynn Gewecke,

Debtors: Chapter 7 Case
Case No. BKY 09-41180-NCD.

**NOTICE OF HEARING AND
MOTION FOR RELIEF FROM STAY**

TO: The Debtors, Debtors' Attorney, Chapter 7 Trustee, United States Trustee, and the other parties in interest specified in Local Rule 1204(a).

1. **U.S. Bank National Association, as Trustee** (**Movant**), a secured creditor of the Debtors herein, by its undersigned attorney, moves the Court for the relief requested below and gives notice of hearing herewith.

2. The Court will hold a hearing on this motion at 2:30 o'clock p.m., on April 23, 2009, before the Honorable Nancy C. Dreher, in Courtroom Number 7 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, or as soon thereafter as counsel can be heard.

3. Any response to this motion must be filed and delivered not later than April 20, 2009, which is three (3) days before the time set for the hearing (excluding Saturdays, Sundays, and holidays), or filed and served by mail not later than April 14, 2009, which is seven (7) days before the time set for the hearing (excluding Saturdays, Sundays, and holidays).  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT A HEARING.

4. This motion is filed pursuant to Bankruptcy Rule 4001 and Local Rule 9013-2, and Movant seeks relief from the automatic stay of 11 U.S.C. §362 with respect to certain real property owned by the Debtors and subject to Movant's first mortgage lien.

5. The Petition commencing this Chapter 7 Case was filed on March 2, 2009, and the case is now pending in this Court.  This Court has jurisdiction over this motion pursuant to 28 U.S.C. §157(a), §1334, 11 U.S.C. §362(d), Bankruptcy Rule 5005, Local Rule 1070-1 and other applicable rules.  This proceeding is a core proceeding.

6. By certain mortgage dated September 5, 2006, in the original principal

amount of $163,200.00 (**Mortgage**), Movant acquired a first mortgagee's interest in the following real property (**Property**):

   Lot eight (8), Block one (1), in Northway Plat 5.

The Mortgage was filed for record in the office of the County Recorder, in and for Stearns County, Minnesota, on September 5, 2006, as document number 1206280.

   8.   The subject property has a market value of $139,700.00. The total amount of debt secured by the subject property is $184,995.28 including Movant's mortgage. Hence, Debtors have little or no actual equity in the property.

   9.   Debtors' fourteen (14) month delinquency under the terms of the Mortgage constitute cause, within the meaning of 11 U.S.C. §362(d)(1), entitling Movant to relief from the automatic stay. Movant does not have, and has not been offered, adequate protection of its interest in the Property.

   **WHEREFORE,** Movant, by its undersigned attorney, moves the Court for an order modifying the automatic stay of 11 U.S.C. §362(a) so as to permit Movant to foreclose its Mortgage on the Property and for such other relief as the Court may deem to be just, fair and equitable.

Dated this 2nd day of April, 2009.

                **PETERSON, FRAM AND BERGMAN**
                A Professional Association

                BY:   /e/ Steven H. Bruns
                    Steven H. Bruns
                    Atty. Reg. #14888X
                    **Attorneys for Movant**
                    Suite 800, 55 East Fifth Street
                    St. Paul, Minnesota  55101
                    Telephone: (651)  291-8955

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In Re: Steven Allen Gewecke and
Tamara Lynn Gewecke,

Debtors: Chapter 7 Case
Case No. BKY 09-41180-NCD.

---

**AFFIDAVIT IN SUPPORT OF
MOTION FOR RELIEF FROM STAY**

---

STATE OF TEXAS      )
                    ) ss.
COUNTY OF DALLAS    )

I, Marsha Iokepa, your affiant, being first duly sworn on oath, state as follows:

1. I am an employee of Countrywide Home Loans Servicing, LP, servicer for **U.S. Bank National Association, as Trustee (Movant)**, and I have personal knowledge of the facts stated herein.

2. I make this Affidavit in support of a motion to lift, modify or condition the bankruptcy stay.

3. Debtors are the mortgagors on a mortgage dated September 5, 2006 which covers real property located in Stearns County and legally described as follows:

Lot eight (8), Block one (1), in Northway Plat 5,

and which is commonly known as: 3013 15th Street North, St. Cloud, MN 56303. The mortgage was given to secure a promissory note. Copies of the note and the mortgage are attached hereto as Exhibit A and Exhibit B, respectively, and incorporated herein by this reference. The mortgage was assigned to Movant on September 10, 2008. A copy of the assignment is attached hereto as Exhibit C and incorporated herein by this reference.

4. On or about March 2, 2009, Debtors filed a Petition under Chapter 7 of Title 11 U.S. Code in the United States Bankruptcy Court for the District of Minnesota.

5. Debtors have failed to make fourteen (14) payments, resulting in an arrearage of $18,796.68, excluding late charges. The total mortgage debt is $184,995.28, which includes accrued interest through March 16, 2009. Thereafter, interest accrues on the unpaid principal balance at $41.02 per day.

6. Based upon information and belief, the subject property has a market value of $139,700.00. The total amount of debt secured by the subject property is $184,995.28, including Movant's mortgage.

7. I have read the Motion in this matter, and it is true to the best of my knowledge, information and belief.

Further, I saith not.

_____
Marsha Iokepa

Subscribed and sworn to before me
this ___ day of March, 2009

_____
Notary Public



MELINDA A. BELL
My Commission Expires
October 29, 2012

Loan Number: 0102005790 - 9703

# ADJUSTABLE RATE NOTE
(LIBOR Index - Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY. THIS LOAN HAS A PREPAYMENT PENALTY PROVISION.

September 5, 2006    Rolling Meadows    IL
Date                 City               State

3013 15TH ST N, SAINT CLOUD, MN 56303
Property Address

**1. BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $ 163,200.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is Argent Mortgage Company, LLC.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**
Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 9.250 %. This interest rate I will pay may change in accordance with Section 4 of this Note. The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3. PAYMENTS**
(A) Time and Place of Payments
I will pay principal and interest by making payments every month.
I will make my monthly payments on the first day of each month beginning on November 1, 2006.
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on October 1, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my payments at: 505 City Parkway West, Suite 100, Orange, CA 92868

or at a different place if required by the Note Holder.
(B) Amount of My Initial Monthly Payments
Each of my initial monthly payments will be in the amount of U.S. $ 1,342.61. This amount may change.
(C) Monthly Payment Changes
Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
(A) Change Dates
The interest rate I will pay may change on the first day of, October, 2008 and on that day every six month thereafter. Each date on which my interest rate could change is called a "Change Date."
(B) The Index
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the date 45 days before the Change Date is called the "Current Index."
If at any point in time the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.
(C) Calculation of Changes
Before each Change Date, the Note Holder will calculate my new interest rate by adding six percentage point(s) (6.000%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eight of one percent (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date. The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

Initials: 

201-1MN (Rev. 01/03)    1 of 3    09/0

Loan Number: 0102005790 - 9703

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than **11.250 %** or less than **9.250%**. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than **One** percentage point(s) **1.000%**) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than **15.250 %** or less than **9.250 %**.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. PREPAYMENT PRIVILEGE**

I may repay all or any part of the principal balance of this Note in accordance with the terms of this Section. A "prepayment" is any amount that I pay in excess of my regularly scheduled payments of principal and interest that the Lender will apply to reduce the outstanding principal balance on this Note in accordance with this Section.

**(A) Prepayment Made Two (2.00) year(s) After the Date of this Note**

If I make a prepayment commencing on or after the Two (2.00) year anniversary of the date of this Note, I may make that prepayment, in full or in part, without the imposition of a prepayment charge by the Lender.

**(B) Prepayment Made Within Two (2.00) year(s) of the Date of this Note**

I agree to pay Lender a prepayment charge if I make a full prepayment before the Two (2.00) year anniversary of the date of this Note. The prepayment charge will be the lesser of two percent (2%) of the unpaid principal balance or sixty (60) days interest on the unpaid principal balance. No prepayment charge will be imposed for partial prepayments or for prepayments upon the sale of the property.

**(C) Application of Funds**

I agree that when I indicate in writing that I am making a prepayment, the Lender shall apply funds it receives first to pay any prepayment charge and next in accordance with the order of application of payments set forth in Section 2 of the Security Instrument.

**(D) Monthly Payments**

If I make a prepayment of an amount less than the amount needed to completely repay all amounts due under this Note and the Security Instrument, my regularly scheduled payments of principal and interest will not change as a result.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces the principal, the reduction will be treated as a partial prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payment**

If the Note Holder has not received the full amount of any monthly payment by the end of **fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. The date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given notice of that different address.

201-2MN (Rev. 01/03)    2 of 3    Initials

09/05/2006 8:23:19 AM

Loan Number: 0102005790 - 9703

9. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**
If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

10. **WAIVERS**
I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11. **UNIFORM SECURED NOTE**
This Note is a uniform instrument with limited variations in some jurisdictions. In addition, to the protections given to the Note Holder under this Note, A Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That the Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without the Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonable determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition of Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**Oral agreements, promises or commitments to lend money, extend credit, or forbear from enforcing repayment of a debt, including promises to extend, modify, renew or waive such debt, are not enforceable. This written agreement contains all the terms the Borrower(s) and the Lender have agreed to. Any subsequent agreement between us regarding this Note or the instrument which secures this Note, must be in a signed writing to be legally enforceable.**

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)      _____(Seal)
Borrower   STEVEN A GEWECKE                  Borrower   TAMARA L GEWECKE

_____(Seal)      _____(Seal)
Borrower                                     Borrower

MORTGAGE REGISTRATION TAX $375.36

STEARNS COUNTY AUDITOR

DEPUTY AUDITOR

OFFICE OF COUNTY RECORDER
STEARNS COUNTY, MINNESOTA

Document # 1206280

Certified, Filed, and/or Recorded on

09-14-2006 at 02:07 PM

DIANE GRUNDHOEFER
STEARNS COUNTY RECORDER



[Space above this line for recording data]

## MORTGAGE

Return To:

Argent Mortgage Company, LLC
C/O Nationwide Title Clearing, Inc.
2100 Alt 19 North
Palm Harbor, FL 34683

DEFINITIONS

Words used in multiple sections of this document are defined and other words are defined in sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in section 16.

(A) "Security Instrument" means this document, which is dated September 5, 2006 together with all Riders to this document.

0102005790 - 9703

(3)   Initials:

STEARNS COUNTY ABSTRACT CO            09/05/2006 8:23:19 AM

32972    Page 1 of 15

AD06-01MN (06/2006)Rev.02

SCR __1__ of 18



EXHIBIT B

(B) "Borrower" is STEVEN A GEWECKE and TAMARA L GEWECKE, Husband and Wife, As Joint Tenants

Borrower is the mortgagor under this Security Instrument.
(C) "Lender" is Argent Mortgage Company, LLC

Lender is a Limited Liability Company
organized and existing under the laws of Delaware
Lender's address is 3 Park Plaza - 10th Floor  Irvine, CA 92614

Lender is the mortgagee under this Security Instrument.
(D) "Note" means the promissory note signed by Borrower and dated September 5, 2006
The Note states that Borrower owes Lender one hundred sixty-three thousand two hundred and 00/100
(U.S. $163,200.00       ) plus interest. Borrower has promised to pay this debt in regular Periodic Dollars
Payments and to pay the debt in full not later than October 1, 2036
(E) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

[X] Adjustable Rate Rider  [ ] Condominium Rider          [ ] Second Home Rider
[ ] Balloon Rider          [ ] Planned Unit Development Rider  [ ] 1-4 Family Rider
[ ] VA Rider               [ ] Biweekly Payment Rider     [ ] Other(s) [specify]

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(K) "Escrow Items" means those items that are described in Section 3.

-6(MN) (0005)                       Page 2 of 15    09/05/2006 8:23:19   Form 3024 1/01

D06-02MN (06/2006)Rev.02

SCR 2 of 18

(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the County [Type of Recording Jurisdiction] of STEARNS [Name of Recording Jurisdiction]:

Lot Eight (8), Block One (1) in Northway Plat 5, according to the plat and survey thereof on file and of record in the office of the County Recorder in and for Stearns County, Minnesota.

Parcel ID Number: 82.49075.014
3013 15TH ST N
SAINT CLOUD
("Property Address"):

which currently has the address of
[Street]
[City], Minnesota 56303   [Zip Code]

-6(MN) (0005)    Page 3 of 15    0102005790-19703
Initials:
09/05/2006 8:23:19  Form 3024  1/01

(06/2006)Rev.02

SCR 3 of 18

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____     _____ (Seal)
                              STEVEN A GEWECKE              -Borrower

_____     _____ (Seal)
                              TAHARA L GEWECKE              -Borrower

_____ (Seal)   _____ (Seal)
              -Borrower                                    -Borrower

_____ (Seal)   _____ (Seal)
              -Borrower                                    -Borrower

_____ (Seal)   _____ (Seal)
              -Borrower                                    -Borrower

---

0102005790-9703

-6(MN) (0005)         Page 14 of 15    09/05/2006  8:23:19  Form 3024  1/01

(06/2006)Rev.02

SCR 14 of 18

STATE OF MINNESOTA,        County ss: Stearns

On this 5th Day of September 2006, before me appeared Steven A Gewecke and Tamara L Gewecke, Husband and wife as joint tenants

to me personally known to be the person(s) described in and who executed the foregoing instrument and acknowledged that he/she/they executed the same as his/her/their free act and deed.

WITNESS my hand and official seal.

[Notary seal: LORI J CARKHUFF, NOTARY PUBLIC - MINNESOTA, My Commission Expires Jan. 31, 2010]

Notary Public
My Commission Expires: 1/31/10

This instrument was drafted by:

Argent Mortgage Company, LLC Amy Kimbler
2550 Golf Road, East Tower, 10th Floor, Rolling Meadows, IL 60008

Tax Statements for the real property described in this instrument should be sent to:
GEWECKE, STEVEN A
3013 15TH ST N
SAINT CLOUD, MN 56303

```
27          TRES89
9/14/2006   13:40:12
860024096   MR STATE X
            PAID
            375.36
            0102005790 - 9703
```

Page 15 of 15

09/05/2006 8:23:19 AM

400-15MN (06/2006)Rev.02

SCR 15 of 18



OFFICE OF COUNTY RECORDER
STEARNS COUNTY, MINNESOTA

Document # **1267758**

Certified, Filed, and/or Recorded on

**09-10-2008**   at   **10:00 AM**

DIANE GRUNDHOEFER
STEARNS COUNTY RECORDER

## ASSIGNMENT OF MORTGAGE

Date: August 11, 2008

FOR VALUABLE CONSIDERATION, Argent Mortgage Company, LLC, a corporation under the laws of Delaware, Assignor, hereby sells, assigns and transfers to U.S. Bank National Association, as trustee for the Certificateholders CitiGroup Mortgage Loan Trust Inc. Asset-backed Pass-Through Certificates Series 2007-AMC1 c/o Countrywide Home Loans, Inc. 400 Countrywide Way Simi Valley, CA 93065, Assignee, the Assignor's interest in the Mortgage dated September 5, 2006 executed by Steven A Gewecke and Tamara L Gewecke, husband and wife, as Mortgagors, to Argent Mortgage Company, LLC, as Mortgagee, DATE AND PLACE OF RECORDING: Recorded September 14, 2006, Stearns County Recorder, Document No. 1206280, Stearns County, Minnesota, together with all right and interest in the note and obligation therein specified and the debt thereby secured.

ASSIGNOR: Argent Mortgage Company, LLC

By: _____
Its: _____

STATE OF                    )
                            )ss.
COUNTY OF                   )

This instrument was acknowledged before me on **AUG 1 9 2008** _____, 2008, by _____, the _____, of Argent Mortgage Company, LLC, a corporation under the laws of Delaware, on behalf of the corporation.

_____
Notary Public

THIS INSTRUMENT WAS DRAFTED BY:
PETERSON, FRAM & BERGMAN, P.A.
55 East Fifth Street, Suite 800
St Paul MN 55101-1197
PF&B file: 16751-082675

JESSICA VILLA
My Commission Expires
February 20, 2012

EXHIBIT
C

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:   Steven Allen Gewecke and
Tamara Lynn Gewecke,

Debtors: Chapter 7 Case
Case No. BKY 09-41180-NCD.

## MEMORANDUM OF LAW

U.S. Bank National Association, as Trustee (**Movant**) submits this memorandum of law in support of its motion for relief from the stay in the above-entitled matter.

### FACTS

Movant holds a valid, duly perfected mortgage on certain real property owned by Debtors.  The Debtors are delinquent with respect to payments due under the mortgage for the months of February 2008 through March 2009 in a total amount of $18,796.68, including late charges.  The total mortgage debt is $184,995.28 which includes accrued interest through March 16, 2009.  Thereafter, interest accrues on the unpaid principal balance at $41.02 per day.

The subject property has a market value of $139,700.00.  The total amount of debt secured by the subject property is $184,995.28 including Movant's mortgage.

### ARGUMENT

Under §362(d)(1) of the Bankruptcy Code, relief from the automatic stay shall be granted upon request of a creditor "for cause, including the lack of adequate protection of an interest in property of such [creditor]." 11 U.S.C. §362(d)(1).  Debtors have failed to make payments due under the terms of the mortgage for a period of over fourteen (14)

months.  Debtors have little or no actual equity in the property; hence, Movant lacks adequate protection in the form of an equity cushion in the property.  Furthermore, debtors have otherwise failed to provide Movant with adequate protection of its interest in the property.

Such circumstances constitute cause, within the meaning of §362(d)(1), justifying relief from the stay.  <u>In Re Tainan</u>, 48 B.R. 250 (Bkrtcy E.D. Pa. 1985);  <u>In Re Quinlan</u>, 12 B.R. 516 (Bkrtcy. W.D. Wis. 1981).

Accordingly, Movant is entitled to an order terminating the stay of 11 U.S.C. §362(a) and authorizing it to foreclose its mortgage on the property.

Dated this 2nd  day April, of 2009.

        **PETERSON, FRAM AND BERGMAN**
        A Professional Association


        BY: <u>/e/ Steven H. Bruns            </u>
           Steven H. Bruns
           Atty. Reg. #14888X
        **Attorneys for Movant**
        Suite 800, 55 East Fifth Street
        St. Paul, Minnesota  55101
        Telephone: (651)  291-8955

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:   Steven Allen Gewecke and
Tamara Lynn Gewecke,

Debtors: Chapter 7 Case
Case No. BKY 09-41180-NCD.

UNSWORN DECLARATION
FOR PROOF OF SERVICE

I, Steven H. Bruns, employed by **PETERSON, FRAM AND BERGMAN, P.A.**, attorneys licensed to practice in this court, with an office at Suite 800, 55 East Fifth Street, St. Paul, MN, 55101, declare that on April 2, 2009 I served the annexed: a) Notice of Hearing and Motion for Relief from Stay, b) Affidavit in Support of Motion for Relief from Stay, c) Memorandum of Law, and d) proposed Order for Relief upon each of the parties listed below by mailing to each of them a copy of each thereof, enclosed in an envelope, first class postage prepaid, and by depositing same in the post office at St. Paul, Minnesota, directed to them at their last known addresses, as follows:

United States Trustee
300 S 4th St  # 1015
Minneapolis MN  55415-1329

Steven Allen Gewecke and
Tamara Lynn Gewecke
3013 15th Street North
St. Cloud, MN 56303

J. Richard Stermer
Chapter 7 Trustee
102 Parkway Drive
PO Box 514
Montevideo, MN 56265

Robert S. Thyen, Esq.
606 25th Ave So, Suite 100
St. Cloud, Mn 56301

And I declare, under penalty of perjury, that the foregoing is true and correct.

Signed:  /e/ Steven H. Bruns

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re: Steven Allen Gewecke and
Tamara Lynn Gewecke,

Debtors: Chapter 7 Case
Case No. BKY 09-41180-NCD.

**ORDER FOR RELIEF FROM AUTOMATIC STAY**

The above-entitled matter came before the Court on the motion of U.S. Bank National Association, as Trustee (**Movant**) seeking relief from the automatic stay of 11 U.S.C. §362(a). Based upon the files and records herein, the Court now finds that cause exists entitling Movant to the requested relief.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the automatic stay of 11 U.S.C. §362(a) is immediately terminated as to Movant; and, Movant, its successors or assigns, are hereby authorized to foreclose pursuant to Minnesota law that certain Mortgage dated September 5, 2006, filed for record in the office of the County Recorder in and for Stearns County, Minnesota, on September 5, 2006, and recorded as Document No. 1206280 and covering real property located in Stearns County, Minnesota, which is legally described as follows:

Lot eight (8), Block one (1), in Northway Plat 5.

Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this order is effective immediately.

Dated: _____

_____
Nancy C. Dreher
United States Bankruptcy Judge