# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br>Steven and Tamara Gewecke<br>   Debtors,<br><br>   Plaintiffs.<br>v.<br><br>US Bank, N.A., as trustee for CitiGroup<br>Mortgage Loan Trust 2007-AMC1;<br><br>   Defendant. | Case No. BKY 09-41180-NCD<br>Chapter 7<br><br><br><br>Adv. Pro. No. _____ |

**STEVEN AND TAMARA GEWECKE'S COMPLAINT TO DETERMINE VALIDITY, PRIORITY OR EXTENT OF LIEN AND DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2) AND ENTER MONEY JUDGMENT**

## I. INTRODUCTION

1. Plaintiffs bring this Complaint to enforce their right to rescind under the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.* due to Argent's failure to provide the proper material disclosures at the time of loan origination. This Complaint also seeks to avoid the pending notice of foreclosure by advertisement, and a declaration that Defendant US Bank as trustee has failed to establish its standing and status as a creditor. Plaintiffs seek appropriate declaratory and injunctive relief from the court, as well as damages and attorneys' fees .

## II. JURISDICTION

2. The Chapter 7 case herein, *In Re: Steven and Tamara Gewecke*, Case No. BKY 09-41180-NCD was filed in this Court. That case is currently pending and this adversary proceeding relates to that case. Plaintiffs Steven and Tamara Gewecke seek a determination of nondischargeability of certain debts as set forth more fully below, against the current owner of the debt and its servicer or agent, Countrywide Home Loans.

3. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). This action arises under 11 U.S.C. §§ 523(a)(2).

## III.   PARTIES

4. Plaintiffs are individuals residing in the State of Minnesota. They are a married couple who reside at 3013 15th Street North, St. Cloud, Minnesota 56303. The legal description of the property is Lot Eight (8), Block One (1) in Northway Plat 5.

5. US Bank, N.A., ("US Bank") is the trustee for CitiGroup Mortgage Loan Trust 2007-AMC1, a person that purports to own the mortgage and note related to 3013 15th Street North, St. Cloud, Minnesota 56303. US Bank is headquartered in Minneapolis, Minnesota.

## IV. BACKGROUND ALLEGATIONS

*Origination of Mortgage Loan and Disclosures*

6. Mr. and Mrs. Gewecke own a home located at 3013 15th Street North, St. Cloud, Minnesota 56303, having a legal description of Lot Eight (8), Block One (1) in Northway Plat 5.

7. On or about June 7, 2005, Plaintiffs obtained a refinance loan from Argent in the principal amount of $135,000. The loan was secured by a mortgage against the Plaintiffs' home and was payable on its face to Argent.

8. Argent is identified as the "lender" on the Mortgage.

9. Approximately one year later, on September 5, 2006, the Plaintiffs refinanced with another loan with Argent. The loan was secured by a mortgage against the Plaintiffs' home and was payable on its face to Argent.

10. Argent is identified as the "lender" on the Mortgage.

11. At the closing of the September 5, 2009 refinance, the Plaintiffs were presented with numerous documents for their signature. The following documents were part of the closing:

    A. 2 (two) Notices of a Right to Rescind/Cancel for Steven Gewecke.

    B. 2 (two) Notices of a Right to Rescind/Cancel for Tamara Gewecke.

12. The Plaintiffs left the closing with these 4 (four) notices.

13. Plaintiffs, Steven and Tamara Gewecke, filed a Chapter 7 petition. Prior to the Order for Relief, Defendant US Banks, as trustee, initiated non-judicial foreclosure proceedings or a "foreclosure by advertisement" in connection with a loan secured by a mortgage against the Plaintiff's primary residence. On or about April 2, 2009, Defendant US Bank and Countrywide filed a motion for relief from the stay.

14. On February 9, 2009, prior to the bankruptcy, the Plaintiffs, by and through their attorney, rescinded their mortgage loan, by sending a rescission notice to Argent, Countrywide, and Steven H. Bruns as attorney for Defendant US Bank, as trustee for CitiGroup Mortgage Loan Trust 2007-AMC1.

15. As of filing this complaint, Defendant has not acknowledged the rescission, reinstated the prior mortgage, cancelled the increased amount of issued credit, and properly credited the Plaintiffs' payments.

16. The Truth In Lending Act, 15 U.S.C. § 1601, *et seq.*, requires "creditors" to disclose material loan terms before consummations. 15 U.S.C. §§ 1638(a)-(b)(1). Argent was a "creditor" within the meaning of section 1602(f) of the Truth in Lending Act, because it regularly extended consumer credit for which a finance charge was imposed and was the entity to whom the Plaintiffs' loans were facially payable. The Plaintiffs' loans were "consumer credit transactions" because they were for personal, family or household purposes.

17. In the case of a consumer credit transaction in which the lender takes a security interest in the borrowers' principal dwelling, TILA gives borrowers a right to rescind the transaction and to receive clear notice of their rescission rights.

4

18. In evaluating compliance with TILA, courts require strict adherence to TILA and Regulation Z, 12 C.F.R. § 226, *et seq.*, its implementing regulations. Thus, under TILA, lenders are strictly liable for violations regardless of whether the consumer was misled, suffered damages or did not rely on the disclosure.

19. Pursuant to Reg. Z, 12 C.F.R. § 226.23(a)(2), a consumer's notice to a creditor that they have cancelled a transaction is considered given when mailed; the Plaintiffs' notice of cancellation of the transaction was given to movant on February 9, 2009 when Plaintiffs' notice of rescinding the transaction was sent to the interested parties.

20. Also pursuant to Reg. Z, 12 C.F.R. § 226.23(d)(1), "[w]hen a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge." The Federal Reserve Board's Official Staff Commentary to paragraph 23(d)(1) clarifies the fact that "[t]he security interest is automatically negated regardless of its status and whether or not it was recorded or perfected." The burden then shifts to the creditor, under § 226.23(d)(2), to "...take any action necessary to reflect the fact that the security interest no longer exists." See Federal Reserve Board, Official Staff Commentary to Regulation Z (current through August 31, 2007).

*Notice of Foreclosure By Advertisement*

21. On or about October 7, 2008, Defendants published a notice in the newspaper stating that the Mortgagee of Plaintiffs' mortgage loan is Argent, and that on August 11, 2008, Argent assigned the mortgage to U.S. Bank National Association, as

5

Trustee for the Certificateholders CitiGroup Mortgage Loan Trust, Inc. Asset-backed Pass-Through Certificates Series 2007-AMC1.

22. Similarly, on or about October 7, 2008, Defendants personally served Plaintiffs with a copy of a Notice of their intent to foreclose by advertisement. The Notice that was personally served upon the Plaintiffs also stated that the Mortgagee of Plaintiffs' mortgage loan is Argent, and that on August 11, 2008, Argent assigned the mortgage to U.S. Bank National Association, as Trustee for the Certificateholders CitiGroup Mortgage Loan Trust, Inc. Asset-backed Pass-Through Certificates Series 2007-AMC1.

23. The statements made by Defendant in the Assignment are false.

 A. Argent had no interest in Plaintiffs' mortgage loan at the time of its assignment on August 11, 2008. Argent, therefore, had nothing to assign and received no valuable consideration.

 B. CitiGroup Mortgage Loan Trust, Inc. Asset-backed Pass-Through Certificates Series 2007-AMC1 does not exist and is not the name of any actual legal entity. Instead, it appears to be a conflation of two distinct entities and the consideration given to one by the other.

  i. CitiGroup Mortgage Loan Trust, Inc. is a Delaware Corporation. It is the "depositor" of assets in a trust, pursuant to the Pooling and Servicing Agreement, as well as the registrant for these securities with the Securities and Exchange Commission.

    ii. CitiGroup Mortgage Loan Trust 2007-AMC1 is the name of the trust, which currently holds a pool of securitized mortgage assets.

    iii. The Asset-backed Pass-Through Certificates are not a legal entity or part of the name of any legal entity.  The certificates or bonds are the consideration issued by Defendant US Bank, as trustee for CitiGroup Mortgage Loan Trust 2007-AMC1, and given to CitiGroup Mortgage Loan Trust, Inc. in exchange for the mortgage loans that were deposited in the trust.

  C. Even if Argent owned the mortgage on the date of the purported assignment and CitiGroup Mortgage Loan Trust, Inc. Asset-backed Pass-Through Certificates Series 2007-AMC1 was a real legal entity, such an assignment is prohibited by the underlying Pooling and Servicing Agreement.  According to the Agreement, which was filed with the Securities and Exchange Commission on January 23, 2007, the "closing date" for the securitized Mortgage Backed Securities Pool is March 9, 2007.  All mortgage loans that are intended to be included in the Mortgage Backed Securities Pool must be conveyed or assigned to the trust by March 9, 2007.  Therefore, the assignment was about a year and a half too late.

    i. On March 9, 2007, the securitized pool of mortgages was, in essence, frozen and additional mortgages could not be transferred into the pool.

    ii. The Pooling and Servicing Agreement specifically states that after the Closing Day and REMICs Startup Day, the "Servicer, the Trustee and the Trust

7

Administrator ***shall not accept*** any contributions of assets to any Trust REMIC….." (emphasis added).[1]

24. If Plaintiffs' mortgage loan is actually a part of the CitiGroup Mortgage Loan Trust 2007-AMC1, then Argent could not have assigned and did not, in fact, assign Plaintiffs' mortgage loan directly to the trust, pursuant to the express language of the applicable Pooling and Servicing Agreement.

25. All assets in CitiGroup Mortgage Loan Trust 2007-AMC1 were purchased by CitiGroup Mortgage Loan Trust, Inc. directly from Citigroup Global Markets Realty Group Corp. by the Close Date. These assets were then purchased by the trust from CitiGroup Mortgage Loan Trust, Inc. None of the securitized mortgage pool's assets were purchased by the trust directly from Argent.

26. If Plaintiffs' mortgage loan is owned by CitiGroup Mortgage Loan Trust 2007-AMC1, then there are multiple unrecorded and unnoticed assignments of Plaintiffs' mortgage loan.

### *Challenging Defendant U.S. Bank's Standing and Status As A Creditor*

27. U.S. Bank, as trustee for a purported entity called Mortgage Loan Trust, Inc. Asset-backed Pass-Through Certificates Series 2007-AMC1 has not established that it owns any interest in Plaintiffs' mortgage loan.

28. Until U.S. Bank, as trustee for Mortgage Loan Trust, Inc. Asset-backed Pass-Through Certificates Series 2007-AMC1 can produce executed copies of all

---

[1] A REMIC is a "Real Estate Mortgage Investment Conduit," created pursuant to the Internal Revenue Code § 860 that generally shelters transfers of a mortgage pool's assets from tax liability as the pool is transferred from one trust to another.

8

assignments demonstrating the proper chain of title and all ownership interests in Plaintiffs' mortgage loan as well as explain the direct contradictions between the Pooling and Servicing Agreement and the assignment recorded by the foreclosing attorney, there is no basis to collect that debt or be considered a creditor or have standing as a creditor.

## LEGAL CLAIMS

### COUNT I
### FAILURE TO PROVIDE PROPER NOTICE OF RIGHT TO RESCIND
### TRUTH IN LENDING ACT
### 12 C.F.R. § 226.23(b)(2)

29.     Plaintiffs reallege all prior paragraphs of this complaint.

30.     TILA requires creditors to "clearly and conspicuously disclose, in accordance with the regulations of the Board," the borrower's rescission rights.

31.     To assist credits in providing borrowers with clear notice of their rescission rights in same- and different-lender refinancings, the Federal Reserve Board publishes two model forms: H-8 for use in different-lender refinancings and H-9 for use in same-lender refinancings.

32.     Model form H-8 makes clear that the consumer may rescind the entire transaction, including the amount paid on the refinanced mortgage debt: "You are entering into a transaction that will result in a (mortgage/lien/security interest) (on/in) your home . . . If you cancel the transaction, the (mortgage/lien/security interest) is also cancelled." Regulation Z, 12 C.F.R. §§ 226, Appendix H-8.

9

33. Model form H-9 makes clear that the borrowers may not rescind the pre-existing transaction: "You are entering into a new transaction to increase the amount of credit previously provided to you . . . If you cancel this new transaction, it will not affect any amount that you presently owe." Regulation Z, 12 C.F.R. §§ 226, Appendix H-9.

34. Use of the wrong model form triggers an extended right of rescission both prospectively and retroactively in cases where the creditor has initiated a foreclosure proceeding. 15 U.S.C. § 1635(i)(1)(B).

35. On or about October 7, 2008, Countrywide Home Loans, Inc. initiated foreclosure proceedings in connection with a loan secured by a mortgage against the Plaintiffs' home.

36. The Plaintiffs' September 5, 2006 mortgage loan was clearly a same-lender refinancing in which a new advance was made. Before the September 5, 2009 mortgage loan provided for a new advance ($17,128.50 in cash to the Plaintiffs), the more limited same-lender rescission rights were applicable.

37. This required Argent to provide model form H-9, or a substantially similar notice, to the Plaintiffs. This notice given to the Plaintiffs was identical to, or substantially similar to, model form H-8, the form for different-lender refinancings.

38. Argent's failure to use the appropriate model rescission form entitled the Plaintiffs to an extended time to rescind the September 5, 2006 mortgage loan transaction. The Plaintiffs properly rescinded their mortgage loan on February 9, 2009.

39. Because the Plaintiffs properly rescinded the September 5, 2006 loan transaction, the mortgage is void, the Plaintiffs are not liable for any finance or other charges, and Argent must return all payments to the Plaintiffs.

40. As a result of Defendants failure to comply with Plaintiffs' notice of rescission, Plaintiffs request the following relief:

    A.    Declaratory relief related to Defendants Argent's failure to provide the proper Notice of Three Day Right To Cancel;

    B.    Attorneys' fees and costs; and

    C.    Such other and further relief as this Court deems appropriate.

## COUNT II
## FAILURE TO HONOR THE PLAINTIFFS' RESCISSION
## TRUTH IN LENDING ACT
## 15 U.S.C. § 1653(b)

41. Plaintiffs reallege all prior paragraphs of this complaint.

42. On February 9, 2009, the Plaintiffs properly sent, by certified mail, written notice of rescission of her mortgage loan to all Defendants pursuant to TILA, 15 U.S.C. §§ 1635(a), 1635(f); 12 C.F.R. § 226.23(a)(3).

43. Upon receipt of the notice of rescission, Defendants had twenty (20) days to return to the Plaintiffs all monies paid and to take action necessary or appropriate to reflect termination of the security interest.

44. Defendants failed to take any action to reflect the termination of the mortgage and failed to take action to cancel the security interest for the mortgage loan

and take steps to reinstate the previous mortgage loan within 20 (twenty) days of receiving their rescission notice of required under 15 U.S.C. § 1653(b).

45. According to TILA, if all monies paid have not been returned or action necessary to reflect termination of the security interest has not been taken, the Plaintiffs are entitled to statutory damages of up to $1,000 and attorney's fees and costs for violation of this Count.

46. As a result of Defendants failure to comply with Plaintiffs' notice of rescission, Plaintiffs request the following relief:

    A. Award statutory penalty of up to $1,000;

    B. Injunctive relief;

    C. Attorneys' fees; and

    C. Such other and further relief as this Court deems appropriate.

## COUNT III
### AVOID THE NOTICE OF SHERIFF'S SALE
### DECLARATORY RELIEF

47. Plaintiffs reallege all prior paragraphs of this Complaint.

48. Minnesota Statute § 582.25 sets forth the various grounds that a homeowner can use to set aside a foreclosure by advertisement, provided that the action to set aside is taken within one year of the end of the six month redemption period. This grounds to set aside the foreclosure by advertisement, include but are not limited to the following:

      A.      Failed to state the names of one or more of the assignees of the mortgage and described the subscriber thereof as mortgagee instead of assignee;

      B.      Failed to state or incorrectly stated the name of the mortgagee, or assignee of mortgagee; and/or

      C.      The date of the mortgage or any assignment thereof or the date, the month, the day, hour, book, and page, or document number of the record or filing of the mortgage or any assignment thereof, in the office of the county recorder or registrar of titles is omitted or incorrectly or insufficiently stated in the notice of sale or in any of the foreclosure papers, affidavits or instruments.

49.      In this matter, the Notice to Foreclose by Advertisement published in the newspaper and served on Plaintiffs failed to state the names of one or more of the assignees; failed to state or incorrectly stated the name of the mortgagee or assignee of mortgagee; and/or the assignment of the mortgage loan is omitted from or misstated in the notice of sale, foreclosure papers, affidavits and/or instruments.

      A.      Defendants also failed to satisfy the statutory prerequisites for foreclosure by advertisement, specifically recording all assignments.

      B.      In the alternative, Defendants SAIL 2005-5 and U.S. Bank, as trustee for SAIL 2005-5, does not have and did not have the statutory authority to foreclose by advertisement because SAIL 2005-5 and/or U.S. Bank, as trustee for SAIL 2005-5 did not have a "redeemable interest" at the time that the foreclosure by advertisement process was initiated.

50.     As a result of Defendants failure to comply with Minnesota's Foreclosure by Advertisement statute, Plaintiffs requests the following relief:

    A.   Set aside the previous publication of the intent to foreclose;

    B.   Injunctive relief; and

    C.   Such other and further relief as this Court deems appropriate.

## COUNT IV
## STANDING AND STATUS AS A CREDITOR
## DECLARATORY RELIEF

51.     Plaintiff incorporates herein the above paragraphs by reference.

52.     Minnesota Statute § 555.01 provides the court authority to:

> [D]eclare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

53.     Minnesota Statute § 555.02 and 555.03 further expressly grants the court the right to construe contracts and the rights and duties under each contract, either before or after a breach has occurred.

54.     Plaintiffs request that the Court declare that Defendant US Bank, as as Trustee for the Certificateholders CitiGroup Mortgage Loan Trust, Inc. Asset-backed Pass-Through Certificates Series 2007-AMC1 has not established its standing and status as a creditor related to Plaintiffs' mortgage loan.

55. As a result of Defendant's conduct, Plaintiffs request injunctive relief from the Court, holding that Defendant US Bank, as as Trustee for the Certificateholders CitiGroup Mortgage Loan Trust, Inc. Asset-backed Pass-Through Certificates Series 2007-AMC1shall cease any further collection activity until it provides proof of its standing and status as a creditor, including valid assignments executed at the time of the assignment that reflect all current ownership interests in Plaintiffs' mortgage loan.

Dated: April 17, 2009            /s/_____
                                 Mark R. Ireland
                                 Attorney, Reg. No. 303690

                                 Jane N. Bowman
                                 Attorney, Reg. No. 388598
                                 Foreclosure Relief Law Project
                                 HPP, Inc.
                                 570 Asbury Street, Suite105
                                 St. Paul, Minnesota 55104
                                 651.642.0102 x 117
                                 Fax 651.642.0051

                                 Robert S. Thyen
                                 Attorney Reg. No. 32288
                                 Heller Law Firm
                                 606 25th Ave South
                                 Suite 110
                                 St. Cloud, MN 56301
                                 320-654-8000

                                 **ATTORNEYS FOR DEBTOR**