UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In Re:
Steven Allen Gewecke and Tamara Lynn Gewecke


Debtors: Chapter 7
Case No.: BKY 09-41180-NCD

---

**MEMORANDUM IN OPPOSITION TO
MOTION FOR RELIEF FROM STAY**


**INTRODUCTION**

US Bank's motion for relief from the automatic stay should be denied for two reasons. First, US Bank has failed to establish that it is an actual "real party in interest" that would have standing to seek such relief. For standing, US Bank relies solely upon an assignment, dated August 11, 2008, that purports to transfer ownership of Mr. and Mrs. Gewecke's mortgage loan from Argent to the trust, CitiGroup Mortgage Loan Trust 2007-AMC1. The problem is that the assignment appears to be a complete fabrication. Virtually every element of the assignment is directly at odds with the Pooling and Servicing Agreement, which is an agreement filed with the Securities and Exchange Commission that controls the operation and administration of trust. Thus, it is unclear who owns Mr. and Mrs. Gewecke's mortgage loan, because the assignment is not possible based upon the underlying securitization documents. US Bank has failed to meet its burden and provide a true chain of title for Mr. and Mrs. Gewecke's mortgage loan.

Second, in the alternative, US Bank has failed to establish that its security interest and collateral are at risk. The underlying mortgage loan has been rescinded pursuant to the Truth In Lending Act ("TILA"). At the time of origination, Argent, the lender, did not properly make material disclosures to Mr. and Mrs. Gewecke. Specifically, Argent did not provide Mr. and Mrs. Gewecke the proper notice as a "same lender" refinance, as required by TILA. Therefore, the further extension of credit provided to Mr. and Mrs. Gewecke can be rescinded for up to three years. By rescinding the mortgage loan, the maximum amount that Mr. and Mrs. Gewecke owe is an amount that is adequately protected by the value of the underlying property. The rescission largely moots the central basis that US Bank put forward in support of its motion.

## **FACTS**

Mr. and Mrs. Gewecke are a married couple who reside at 3013 15th Street North, St. Cloud, Minnesota 56303. The legal description of the property is Lot Eight (8), Block One (1) in Northway Plat 5. On or about June 7, 2005, Plaintiffs obtained a refinance loan from Argent Mortgage Company, LLC. ("Argent") in the principal amount of $135,000. The loan was secured by a mortgage against the Plaintiff's home and was payable on its face to Argent. Attached as Ireland Affidavit, Exhibit A is a copy of the Mortgage dated on or about June 7, 2005, which identifies Argent as the "lender" on the Mortgage and Note.

Approximately one year later, on September 5, 2006, Mr. and Mrs. Gewecke refinanced with another loan with Argent. This second loan was also secured by a mortgage against Mr. and Mrs. Gewecke's home and was payable on its face to Argent.

Attached as Ireland Affidavit, Exhibit B is a copy of the Mortgage dated on or about September 5, 2006, which identifies Argent as the "lender" on the Mortgage.

At the closing of the September 5, 2006 refinance, Mr. and Mrs. Gewecke were presented with numerous documents for their signature, including a Notice of Right To Cancel. Attached as Ireland Affidavit, Exhibit C is the Notice of Right To Cancel received by Steven and Tamara Gewecke.[1]

On or about August 11, 2008, Argent purportedly assigned a mortgage to U.S. Bank National Association, as Trustee for the Certificateholders CitiGroup Mortgage Loan Trust, Inc. Asset-backed Pass-Through Certificates Series 2007-AMC1. This was filed in Office of the County Recorder for Stearns County on or about September 10, 2008. Attached as Ireland Affidavit, Exhibit D is a copy of the assignment, dated August 11, 2008.

The statements contained in the assignment, dated August 11, 2008, are directly contradicted by the underlying securitization documents for CitiGroup Mortgage Loan Trust 2007-AMC1.[2] The Pooling and Servicing Agreement ("Agreement") is more than

---

[1] On February 9, 2009, prior to the bankruptcy and Dedendants' motion, the Plaintiffs, by and through their attorney, rescinded their mortgage loan, by sending a rescission notice to Argent, Countrywide, and Steven H. Bruns as attorney for Defendant US Bank, as trustee for CitiGroup Mortgage Loan Trust Inc. Asset-backed Pass-Through Certificates Series 2007-AMC1. The rescission is based upon receiving an incorrect notice. Attached as Ireland Affidavit, Exhibit F is a copy of the rescission letter.

[2] It should be noted that the entity described in the notice--- CitiGroup Mortgage Loan Trust, Inc. Asset-backed Pass-Through Certificates Series 2007-AMC1---does not exist and is not the name of any actual legal entity. Instead, it appears to be a conflation of two distinct entities and the consideration given to one entity by the other. Specifically, CitiGroup Mortgage Loan Trust, Inc. is a Delaware Corporation. It is the "depositor" of assets in a trust, pursuant to the Pooling and Servicing Agreement, as well as the registrant for these securities with the Securities and Exchange Commission. CitiGroup Mortgage Loan Trust 2007-AMC1, without the "Inc.", is the name of the trust, which currently holds a pool of securitized mortgage assets. The Asset-backed Pass-Through Certificates are not a legal entity or part of the name of any legal entity at all. The certificates or bonds are the

3

just a document. The Agreement controls how CitiGroup Mortgage Loan Trust 2007-AMC1 was created and specifically how the trust operates. Attached as Exhibit E is a true and correct copy of the Pooling and Servicing Agreement for CitiGroup Mortgage Loan Trust 2007-AMC1.

In the Agreement, there are five primary parties: (1) US Bank, the trustee; (2) CitiGroup Mortgage Loan Trust 2007-AMC1, the trust; (3) CitiGroup Mortgage Loan Trust, Inc., a Delaware corporation; (4) CitiGroup Global Markets Realty Corp.; a New York Corporation; and (5) Countrywide, the servicer. (Ireland Aff. at ¶ 6, Exhibit E at p. 1-2, 247). Each of these parties have a distinct and separate role in the securitization process. *Id.*

This Agreement was filed with the Securities and Exchange Commission on January 23, 2007, and the Agreement states that the "closing date" for the securitized Mortgage Backed Securities Pool was and is March 9, 2007. *Id.* at p. 22. All mortgage loans that are intended to be included in the Mortgage Backed Securities Pool must be conveyed or assigned to the trust by March 9, 2007. *Id.* at p. 22, 112. The Agreement specifically states that after the Closing Day, sometimes also referred to as the REMIC's start-up day, the "Servicer, the Trustee and the Trust Administrator **shall not accept** any

---

consideration issued by US Bank, as trustee for CitiGroup Mortgage Loan Trust 2007-AMC1, and given to CitiGroup Mortgage Loan Trust, Inc. in exchange for the mortgage loans that were deposited in the trust.

4

contributions of assets to any Trust REMIC…." (emphasis added).[3] *Id.* at p. 112. Thus, the assignment of Mr. and Mrs. Gewecke's mortgage loan, which US Bank is relying upon and bases its standing, is about a year and a half too late.

Furthermore, the Pooling and Servicing Agreement sets forth how the trust's assets were to be purchased.

---

[3] A REMIC is a "Real Estate Mortgage Investment Conduit," created pursuant to the Internal Revenue Code § 860 that generally shelters transfers of a mortgage pool's assets from tax liability as the pool is transferred from one trust to another.

**THE CREATION OF CITIGROUP MORTGAGE LOAN TRUST 2007-AMC1
HOW TRUST ASSETS MUST BE ACQUIRED**



As illustrated above, the Agreement states that CitiGroup Mortgage Loan Trust 2007-AMC1 is to purchase mortgage loans from CitiGroup Mortgage Loan Trust, Inc., not from Argent. *Id.* at p. 47. The Agreement states that CitiGroup Mortgage Loan Trust, Inc. is to purchase its mortgage loans from CitiGroup Global Markets Realty Group, Inc., also not from Argent. *Id.* at p. 247. Neither of these assignments are reflected in the documentation provided by US Bank in support of its motion. *Id.* at Exhibit D. In fact, the assignment produced by the attorneys for US Bank and filed with the county recorder is directly contrary to the trust's Agreement.

**TRANSFER OF PROPERTY FROM ARGENT TO TRUST ACCORDING TO
THE AUGUST 11, 2008 ASSIGNMENT SUBMITTED BY US BANK**



The Agreement is also clear that each of these conveyances are without reservation, and that none of the parties retain certain powers after the transfer:

> The Depositor [CitiGroup Mortgage Loan Trust, Inc.], concurrently with the execution and delivery hereof, does hereby transfer, assign, set over and otherwise convey to the Trustee [U.S. Bank, NA for CitiGroup Mortgage Loan Trust 2007-AMC1] without recourse for the benefit of the Certificateholders all the right, title and interest of the Depositor, including any security interest therein for the benefit of the Depositor…

*Id.* at ¶ 6, Exhibit E at p. 47.

7

According to the Agreement, the only entity that may purchase mortgage loans from Argent is CitiGroup Global Markets Realty Corp. *Id.* at 247. CitiGroup Global Markets Realty Corp. is not a signatory or party to the assignment provided to this Court by US Bank, nor has any assignments to or from CitiGroup Global Markets Realty Corp. been filed with the county recorder or included in any foreclosure notices to Mr. and Mrs. Gewecke.

## ARGUMENT

**I.  US BANK HAS FAILED TO ESTABLISH ITS STANDING TO BRING A MOTION FOR RELIEF FROM STAY AND ITS STATUS AS A CREDITOR.**

US Bank has not established that it is truly a party in interest and has standing to bring this motion for relief of the automatic stay. Under both the federal rules of civil procedure and U.S. Bankruptcy Code, an action may only be sought by a real party in interest. *See* Federal R. Civ. P. 17; 11 U.S. C. § 362(d) (stating that a relief from stay is only authorized to be brought by a "party in interest."); *See also,* 11 U.S.C. § 362(d) (emphasis added); *See also* §§ 11 U.S.C. §§ 362(e)(1) and (2), 362(f), 362(j) (further referencing the "party in interest" as the person who can bring certain motions or request certain relief).

In this case, US Bank has not met its burden of establishing standing to bring the underlying motion. The assignment filed with the Stearns County Recorder and attached to the US Bank representative's affidavit is contrary to the underlying Agreement that

8

controls the operation of the trust that US Bank represents. No transfers to the trust are allowed after the closing date, and the assignment filed by US Bank had occurred nearly a year and a half after the closing date.

If, in fact, CitiGroup Mortgage Loan Trust 2007-AMC1 is the owner of Mr. and Mrs. Gewecke's mortgage loan, than there should also be at least three assignments---one assignment from Argent to CitiGroup Global Markets Realty Corp., another assignment from CitiGroup Global Markets Realty Corp. to CitiGroup Mortgage Loan Trust, Inc., and, finally from CitiGroup Mortgage Loan Trust, Inc. to the trust, itself. None of these assignments have been produced by the trustee, US Bank, nor has the trustee shown how it complies with Minnesota's Uniform Commercial Code for endorsing and transferring a negotiable instrument.

It may be possible that CitiGroup Mortgage Loan Trust 2007-AMC1 is, in fact, the owner of Mr. and Mrs. Gewecke's mortgage loan, but there has been no credible evidence put forward to support such an ownership interest. Mr. and Mrs. Gewecke demand that US Bank satisfy its burden, before US Bank is allowed to take away their house.

Bankruptcy courts throughout the country have received similar motions by creditors, like US Bank, to obtain a relief from stay, and such motions have been routinely denied. *See In re Sheridan,* 2009 Bankr. Lexis 552 (Bankr. Id. 2009)(denying motion for relief from stay by MERS, and also finding that trustee and trust had failed to prove their standing) (unpublished, attached as Ireland Aff. Exhibit H); *In re Jacobson*, 2009 Bankr. LEXIS 709 (Bankr. W.D. Wash. 2009) (holding that UBS has submitted "no

9

evidence that it is authorized to act for whomever holds the note…. because UBS AG's proof neither shows who presently holds Debtors' note nor its own authority.")(unpublished, attached as Ireland Aff. Exhibit I); *In re Hayes*, 393 B.R. 259, (Bankr. Mass. 2008) (denying motion based on standing of movant); *In re Hwang,* 396 B.R. 757, (Bankr. C.D. Cal. 2008) (denying motion for relief due to standing because "the owner of the note today is unknown").

Such failure to satisfy the most fundamental requirements of bringing a motion, prompted one judge to sanction Argent's sister-company Ameriquest in the amount of $250,000, Wells Fargo in the amount of $250,000 and its attorneys for a total of $150,000. *See In re Nosek*, 386 B.R. 374, 387-388 (Bankr. Mass. 2008). The Court rejected all of Ameriquest's arguments:

> Ameriquest argues that assignments of notes and mortgages frequently occur with documentation of the transfers recorded, and even executed, at a later time. Moreover Ameriquest represents that it is not uncommon for the original noteholder or mortgagee to take back the note and/or mortgage when a borrower defaults. Using these excuses, the parties' attitude appears to be that confusion as to a party's role is understandable against the current commercial climate. If the transfer of such negotiable instruments occurs at such a fast pace and without timely recorded evidence of the transfers, why should the Court and Debtor's counsel be expected to know the roles of the parties? **The burden is clearly on the sophisticated, albeit careless, lenders and servicers.**

*Id.* at 387-388 (emphasis added).

In this case, it appears as though US Bank has taken a similar path as other creditors, papering over major holes in the chain of title by filing what appears to be a

fictitious assignment. For the reasons stated above, movant has not met its burden and its motion for relief should be denied.

## II. US BANK'S BASIS FOR SEEKING RELIEF FROM THE STAY IS NOT SUFFICIENT DUE TO A VIOLATION OF THE TRUTH IN LENDING ACT.

If US Bank is found to have standing, in the alternative, Mr. and Mrs. Gewecke ask that the relief from stay be denied due to their rescission of the mortgage loan pursuant to the Truth In Lending Act ("TILA"). At its core, TILA is a disclosure statute. It was enacted to give consumers information about the cost of obtaining credit when compared to paying cash for the service. *See generally* 15 U.S.C. § 1601(a-b) (2008)(setting forth the purpose of TILA and making findings in support of the Act). TILA requires certain material disclosures related to the amount financed, finance charge and interest rate are disclosed on a particular, as well as the homeowner's three-day right to cancel. 15 U.S.C. § 1602(u); Reg. Z § 226.23(a)(3), (b)(1).

There must have been two copies of the notice of right to cancel given to each consumer, including two for each person signing the loan document or a husband and wife, regardless of whether both are signatories to the loan. *See* Reg. Z § 226.23(b)(1). It is further required that the lender use the proper model form notifying the homeowner of his or her right to cancel. *See In re Porter*, 961 F. 2d 1066, 1078 (3d Cir. 1992). There are two basic three-day right to cancel forms, an H-8 form for refinanced loans and an H-9 form for refinancing through the same lender. *Id.*

In this case, Mr. and Mrs. Gewecke refinanced through the same lender---Argent. The lender, however, did not use model form H-9. This was a material violation of the Truth in Lending Act, and gives Mr. and Mrs. Gewecke the right to rescind. On February 9, 2009, prior to the bankruptcy and Dedendants' motion, the Plaintiffs rescinded their mortgage loan. By sending a rescission notice to Argent, Countrywide, and Steven H. Bruns as attorney for Defendant US Bank, as trustee for CitiGroup Mortgage Loan Trust Inc. Asset-backed Pass-Through Certificates Series 2007-AMC1. The security interest based upon that mortgage loan no longer exists, effective upon mailing the rescission letter.

Mr. and Mrs. Gewecke's rescission and the basis for that rescission are consistent with both the official staff commentary of TILA and Regulation Z and existing federal caselaw. In addition to the Third Circuit decision in *Porter*, several other courts have used similar reasoning to find that the use of the incorrect model form is a material violation of TILA. For instance, *In re Tucker* involved a borrower who received a "hybrid of Model Forms H-8 and H-9" and the use of a hybrid was found to be a rescindable violation of the Act. 74 B.R. 923, 931 (Bankr. E.D. Penn. 1987). *See also In re Madel*, 2004 Bankr. LEXIS 2367 at 6 (Bankr. E.D. Wis. 2004) (holding that using the H-9 instead of the H-8 model form is a rescindable violation under TILA)(unpublished, Attached as Ireland Aff., Exhibit I); *Handy v. Anchor Mortgage Corp.,* 464 F. 3d 760, 764 (7th Cir. 2006); *Gibbons v. Interbank Funding Group*, 208 F.R.D. 278, 281 (N.D. Cal. 2007).

US Bank's motion is premised upon the idea that there is insufficient equity to protect their financial interest in the property.  That position, however, is based on the current value of the home when compared to the principal balance of the *rescinded* mortgage loan.  Since the original Argent loan from 2005 is revived by Mr. and Mrs. Gewecke's rescission, the most that Mr. and Mrs. Gewecke are liable is for $135,000 (the original principal balance of the 2005 loan).  Since US Bank states in its memorandum that the current value of the property is $139,700, there does not appear to be insufficient or inadequate protection of their interests.  Therefore, their motion should be denied.

Dated:  April 17, 2009                    s/ Mark Ireland_____
                                                  Mark Ireland
                                                  Attorney Reg. No. 303690

                                                  Jane N. Bowman
                                                  Attorney Reg. No. 388598
                                                  Foreclosure Relief Law Project
                                                  HPP, Inc.
                                                  570 Asbury Street, Suite105
                                                  St. Paul, Minnesota 55104
                                                  651.642.0102 x 117
                                                  Fax 651.642.0051

                                                  Robert S. Thyen
                                                  Attorney Reg. No. 32288
                                                  Heller Law Firm
                                                  606 25th Ave South
                                                  Suite 110
                                                  St. Cloud, MN 56301
                                                  320-654-8000

                                                  **ATTORNEYS FOR DEBTORS**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:
Steven Allen Gewecke and Tamara Lynn Gewecke

Debtors: Chapter 7
Case No.: BKY 09-41180-NCD

**AFFIDAVIT OF
MARK IRELAND**

STATE OF MINNESOTA   )
                     ) ss
COUNTY OF RAMSEY     )

Mark Ireland, being first duly sworn upon oath, deposes and states as follows:

1. My name is Mark Ireland, and I am an attorney at the Housing Preservation Project, a non-profit 501(c)(3), public interest law firm. At the Housing Preservation Project, I am the supervising attorney of the Foreclosure Relief Law Project.

2. Attached as Exhibit A is a copy of the Mortgage dated June 7, 2005, two of the borrowers are Steven and Tamara Gewecke and the lender is Argent.

3. Attached as Exhibit B is a copy of the Mortgage dated on or about September 5, 2006, two of the borrowers are Steven and Tamara Gewecke and the lender is Argent.

4. Attached as Exhibit C is a copy of the Three Day Right To Cancel provided to Steve and Tamara Gewecke on or about September 5, 2006.

5. Attached as Exhibit D is a copy of the assignment from Argent to U.S. Bank National Association, as Trustee for the Certificateholders CitiGroup Mortgage Loan Trust, Inc. Asset-

backed Pass-Through Certificates Series 2007-AMC1, dated August 11, 2008.

6. Attached as Exhibit E is a true and correct copy of the Pooling and Servicing Agreement for CitiGroup Mortgage Loan Trust 2007-AMC1 ("Agreement"), which was filed with the Securities and Exchange Commission as Exhibit 4.1 to the trust's 8-K filing. The Agreement is available at http://www.secinfo.com/dqTm6.uTa.c.htm#1stPage.

7. Attached as Exhibit F is a true and correct copy of the rescission letter dated February 9, 2009.

8. Attached as Exhibit G is a copy of *In re Sheridan,* 2009 Bankr. Lexis 552 (Bankr. Id. 2009).

9. Attached as Exhibit H is a copy of *In re Jacobson,* 2009 Bankr. LEXIS 709 (Bankr. W.D. Wash. 2009)

10. Attached as Exhibit I is a copy of *In re Madel,* 2004 Bankr. LEXIS 2367 at 6 (Bankr. E.D. Wis. 2004).

**FURTHER YOUR AFFIANT SAITH NOT.**

Dated: April 15, 2009

_____
Mark Ireland

Subscribed and sworn to before me
This 15th day of April 2009.

_____
Notary Public

Marit M. Eriksmoen
Notary Public
State of Minnesota
My Commission Expires 1-31-2013

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:
Steven Allen Gewecke and Tamara Lynn Gewecke

Debtors: Chapter 7
Case No.: BKY 09-41180-NCD

### UNSWORN DECLARATION OF PROOF OF SERVICE

I, Marit Eriksmoen, employed by the Housing Preservation Project, with offices at 570 Asbury Street, Suite 105 in Saint Paul, Minnesota 55104, declares that on April 17, 2009 I caused the following documents:

**Memorandum In Opposition To Motion For Relief From Stay**
**Affidavit of Mark Ireland**
**Exhibits A – I**

to be electronically filed with the Clerk of the Bankruptcy Court through ECF, and that ECF will send an e-notice to the following:

- Steven H. Bruns    sbruns@pfb-pa.com
- Mark R. Ireland    mireland@hppinc.org, meriksmoen@hppinc.org
- Joe M. Lozano    notice@bkcylaw.com
- J. Richard Stermer    rstermer@montelaw.com, mn21@ecfcbis.com
- Robert S. Thyen    Robb@hellerlawfirm.com, tricia@hellerlawfirm.com,erin@hellerlawfirm.com
- US Trustee    ustpregion12.mn.ecf@usdoj.gov
- Alice L Whitten    customer.service.bk@americredit.com

I further swear that I caused a copy of the foregoing documents and notice of electronic filing by first class mail to the following non-ECF participants by enclosing same in an envelope with first class mail postage and deposited same into the U.S. Mail in Saint Paul, Minnesota, addressed to each as follows:

Jane N Bowman
Housing Preservation Project
570 Asbury Street
Suite 105
Saint Paul, MN 55104

And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: <u>April 17, 2009</u>          By: <u>/s/ Marit Eriksmoen</u>
                                                                             Marit Eriksmoen